UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| TONYA L. JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | 20 C 3433 |
| | ) | |
| vs. | ) | Judge Gary Feinerman |
| | ) | |
| US BANK HOME MORTGAGE and EXPERIAN INFORMATION SOLUTIONS, INC., | ) ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Tonya Johnson brings this suit against her mortgage loan holder, US Bank Home Mortgage, and a consumer reporting agency, Experian Information Solutions, Inc., under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*. Doc. 5. US Bank moves to dismiss the claims against it under Civil Rule 12(b)(6). Doc. 16. The motion is denied.

**Background**

In resolving a Rule 12(b)(6) motion, the court assumes the truth of the operative complaint's well-pleaded factual allegations, though not its legal conclusions. *See Zahn v. N. Am. Power & Gas, LLC*, 815 F.3d 1082, 1087 (7th Cir. 2016). The court must also consider "documents attached to the complaint, documents that are critical to the complaint and referred to in it, and information that is subject to proper judicial notice," along with additional facts set forth in Johnson's brief opposing dismissal, so long as those additional facts "are consistent with the pleadings." *Phillips v. Prudential Ins. Co. of Am.*, 714 F.3d 1017, 1019-20 (7th Cir. 2013). The facts are set forth as favorably to Johnson as those materials allow. *See Pierce v. Zoetis, Inc.*, 818 F.3d 274, 277 (7th Cir. 2016). In setting forth the facts at the pleading stage, the court

1

does not vouch for their "objective truth." *Goldberg v. United States*, 881 F.3d 529, 531 (7th Cir. 2018).

Johnson took out a mortgage loan from US Bank. Doc. 5 at ¶ 15. US Bank reported the "trade line" of Johnson's mortgage to Experian, a consumer reporting agency. *Id*. at ¶¶ 16, 20. In FCRA parlance, US Bank is a "furnisher" of credit information concerning Johnson. *See* 15 U.S.C. § 1681s-2; 12 C.F.R. § 1022.41(c). Johnson fell behind on her mortgage, and US Bank began reporting that her loan was partially "charged off" because $40,770 of the debt had been "written off." Doc. 5 at ¶ 17. Charged-off status means that a debt has been "deemed uncollectible." *Id*. at ¶ 12.

Johnson alleges that furnishers and reporting agencies enter a loan's charge-off date into a trade line field labeled "Date of Status," which should remain static and not change because, whatever might happen later, the charge-off date stays the same. *Ibid*. Johnson further alleges that another field labeled "First Reported date" should remain static and not change because it reflects "the date in which the debt had its first major delinquency." *Id*. at ¶ 13; *see also id*. at ¶ 25. US Bank disputes these allegations, asserting that in some circumstances a furnisher could properly amend both fields to reflect more recent events. Doc. 16 at 4-5; Doc. 23 at 3-4.

The parties' disagreement on this point presents a factual dispute as to credit reporting industry practices that, at this stage, must be resolved in Johnson's favor. *See Zahn*, 815 F.3d at 1087. As discussed below, the FCRA provision codified at 15 U.S.C. § 1681s-2(b) imposes a duty on furnishers to take certain actions after receiving a dispute "with regard to the completeness or accuracy" of the information they furnish to a credit reporting agency. Although the FCRA does not define "accuracy," *see Denan v. Trans Union LLC*, 959 F.3d 290, 294 (7th Cir. 2020), implementing regulations define the term to mean that the information

2

"correctly … [r]eflects the consumer's performance and other conduct." 12 C.F.R. § 1022.41(a)(2). Whether a change to the Date of Status or First Reported date undermines the accuracy of information furnished by a creditor thus depends, in part, on how furnishers and consumer reporting agencies customarily use those two terms. The nature of such an industry practice presents a question of fact. *See W. Indus., Inc. v. Newcor Canada Ltd.*, 739 F.2d 1198, 1201 (7th Cir. 1984) (holding, in the context of a contract dispute, that "trade custom or usage is a question of fact"). The court therefore credits Johnson's allegations that the Date of Status and First Reported date must be static in order to remain accurate. Doc. 5 at ¶¶ 12-13, 25; *cf. Gillespie v. Equifax Info. Servs., L.L.C.*, 484 F.3d 938, 941 (7th Cir. 2007) (holding that a consumer reporting agency's practice of amending the Date of Last Activity potentially led to unclear disclosures under 15 U.S.C. § 1681g(a)(1)).

With that underbrush cleared, the remaining background is straightforward. Johnson's Experian credit report originally listed the Date of Status and First Reported date for her mortgage as August 2015. Doc. 5 at ¶ 17. On or about June 15, 2018, Johnson noticed that both entries had been changed to reflect a more recent date, June 2016. *Id*. at ¶¶ 18, 23-24. US Bank had erroneously furnished the June 2016 dates to Experian. *Id*. at ¶ 26. Johnson initiated a dispute with Experian concerning the changed dates. *Id*. at ¶ 20. Although Experian forwarded the dispute to US Bank, US Bank continued to furnish the erroneous June 2016 dates to Experian. *Id*. at ¶¶ 21, 27.

## Discussion

The FCRA allows consumers to bring disputes concerning their credit report to the consumer reporting agency. *See* 15 U.S.C. § 1681i(a)(1). After receiving a dispute, the agency—here, Experian—must give notice of the dispute to the furnisher of the disputed

information—here, US Bank. *See id*. § 1681i(a)(2). Receipt of notice under § 1681i(a)(2) triggers five duties for the furnisher: it must (A) "conduct an investigation with respect to the disputed information"; (B) "review all relevant information provided by the consumer reporting agency"; (C) "report the results of the investigation to the consumer reporting agency"; (D) if the information proves inaccurate, "report those results to all other reporting agencies to which the person furnished the information"; and (E) if the information proves inaccurate or unverified, either "modify," "delete", or "permanently block the report of" the information. *Id*. § 1681s-2(b)(1). The FCRA provides a private right of action to enforce those duties. *See Dornhecker v. Ameritech Corp.*, 99 F. Supp. 2d 918, 926-27 (N.D. Ill. 2000).

Johnson focuses on US Bank's duty under § 1681s-2(b)(1)(A) to investigate the errors she identified, arguing that "whether US Bank conducted any investigation" and the "reasonableness" of any such investigation present questions of fact that preclude dismissal. Doc. 5 at ¶ 27; Doc. 22 at 6, 10. She is correct.

"Whether the furnisher's investigation is reasonable [under § 1681s-2(b)(1)(A)] is a factual inquiry." *Walton v. EOS CCA*, 885 F.3d 1024, 1028 (7th Cir. 2018); *see also Westra v. Credit Control of Pinellas*, 409 F.3d 825, 827 (7th Cir. 2005) ("Whether a defendant's investigation is reasonable is a factual question normally reserved for trial … ."). Given the premise, which the court must accept at the pleading stage, that altering the Date of Status and First Reported date contravenes industry practice, a reasonable investigation by US Bank would have uncovered the errors Johnson identified in her dispute. It is thus plausible that US Bank did not undertake a reasonable investigation, violating § 1681s-2(b)(1)(A).

Pressing the contrary result, US Bank argues that Johnson "fails to allege what information she included with her dispute to Experian," such as "the specific dates that she was

4

disputing." Doc. 16 at 4. That is incorrect. Paragraphs 17-19 of the complaint set forth alleged errors with the charge-off dates, and then Paragraph 20 alleges that Johnson opened a dispute with Experian. Doc. 5 at ¶¶ 17-20. These allegations give rise to the plausible inference that the dispute in Paragraph 20 concerned the errors in the immediately preceding paragraphs.

Second, US Bank argues that Johnson has pleaded herself out of court by alleging that Experian, rather than US Bank, might have erroneously changed the dates in her report. Doc. 16 at 4 (citing Doc. 5 at ¶ 28). But the Federal Rules "allow alternative and even inconsistent pleadings," recognizing that "parties may tailor their theories as they conduct discovery and learn more about the case." *Indianapolis Airport Auth. v. Travelers Prop. Cas. Co. of Am.*, 849 F.3d 355, 366 (7th Cir. 2017); *see* Fed. R. Civ. P. 8(d)(2)-(3). Johnson has either a claim under § 1681s-2(b) against US Bank or a claim under § 1681i(a)(1) against Experian. She did not need to establish which theory would ultimately pan out before she filed her complaint.

Third, US Bank argues that Johnson does not plausibly allege that it "willfully" violated the FCRA, a necessary predicate for statutory and punitive damages under § 1681n(a). Doc. 16 at 6. A plaintiff may prove a "willful" violation of the FCRA through evidence of "reckless disregard of statutory duty." *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 57 (2007). Reckless disregard means that "the company ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless." *Id*. at 69. "Knowing the risk and failing to take any precaution against it" is "indicative of willful violation." *Redman v. RadioShack Corp.*, 768 F.3d 622, 638 (7th Cir. 2014).

Johnson sufficiently alleges that US Bank knowingly ran a greater-than-careless risk. In *Killingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d 614 (7th Cir. 2007), the Seventh Circuit held that the plaintiff adequately "pleaded a willful violation of the FCRA" by alleging that the

defendant charged a higher interest rate based on information it should have known was false. *Id*. at 623. Johnson similarly alleges that US Bank was apprised of a clear error in the information it furnished to Experian, Doc. 5 at ¶¶ 18, 21, but failed to investigate the error or fix the information, *id*. at ¶ 27. That is sufficient under *Killingsworth* to plead a willful FCRA violation. Moreover, US Bank cannot argue that it held a reasonable belief that its conduct was legal. *See Shlahtichman v. 1-800 Contacts, Inc.*, 615 F.3d 794, 803 (7th Cir. 2010) (affirming dismissal of a FCRA claim because, even if a violation occurred, the defendant "did not willfully violate the statute" given that its interpretation was "objectively reasonable"). On the contrary, US Bank knew or should have known that amending the charge-off dates was legally perilous given Seventh Circuit precedent holding that "[t]he recording of multiple dates in the 'Date of Last Activity' can cause significant confusion and uncertainty for the consumer." *Gillespie*, 484 F.3d at 941.

Finally, US Bank argues that Johnson fails to plausibly allege actual damages, the only relief that she could recover if US Bank were merely negligent. Doc. 16 at 7; *see* 15 U.S.C. § 1681*o*(a). That argument is moot because Johnson has pleaded a willful violation. In any event, Johnson sufficiently alleges actual damages. First, she alleges that she has suffered "mental anguish, humiliation, and embarrassment." Doc. 5 at ¶ 30. Emotional distress damages, if supported with evidence, are recoverable under the FCRA. *See Ruffin-Thompkins v. Experian Info. Sols., Inc.*, 422 F.3d 603, 609-10 (7th Cir. 2005) (affirming summary judgment for the defendant because the plaintiff "provided, at most, conclusory statements about her emotional distress").

Second, Johnson has pleaded a plausible pecuniary harm. "The FCRA prohibits a consumer reporting agency from providing a consumer report containing 'accounts placed for

6

collection or charged to profit and loss which antedate the report by more than seven years.'" *Gillespie*, 484 F.3d at 940 (quoting 15 U.S.C. § 1681c(a)(4)). The passage of time thus benefits consumers because, after seven years, a charge-off no longer can be included in most credit reports. *But cf.* 15 U.S.C. § 1681c(b) (providing exceptions for reports used in connection with certain large transactions). The ten-month extension of the charge-off date (from August 2015 to June 2016) that Johnson alleges plausibly caused harm to her financial situation if it delayed the disappearance of the delinquent mortgage from her credit report. Even if US Bank were merely negligent, then, Johnson could recover actual damages arising from that harm.

## Conclusion

US Bank's motion to dismiss is denied. It shall answer the complaint by December 4, 2020.

November 19, 2020

_____
United States District Judge